UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED & CERTIFIED
VANESSA L. ARMSTRONG, CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: Dec 19, 2010
Name: Michelle Goetzinger
Deputy Clerk

IN RE: SKECHERS TONING SHOE
PRODUCTS LIABILITY LITIGATION                    MDL No. 2308

### TRANSFER ORDER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in six actions move for centralized pretrial proceedings in the Northern District of Ohio or, alternatively, the District of District of Columbia.

Plaintiffs' motion includes twelve actions pending in nine districts, as listed on Schedule A. The Panel also has been notified of eight additional related actions.[1]

Defendants[2] oppose centralization and, alternatively, suggest centralization in the Southern District of California, the Southern District of Ohio or the Western District of Kentucky. Responding plaintiffs support centralization, though there is some disagreement about the selection of the transferee district. Plaintiffs in four actions and a District of Utah potential tag-along action support plaintiffs' motion in its entirety. Plaintiffs in the Northern District of Ohio *Nell* action and three potential tag-along actions support centralization in the Southern District of Ohio or, alternatively, the Northern District of Ohio.

On the basis of the papers filed and the hearing session held, we find that these twelve actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions regarding injuries plaintiffs sustained as an alleged result of wearing purportedly defective Skechers "Shape-Ups" toning shoes, which contain a rocker bottom sole that plaintiffs contend altered their gait and caused severe lateral instability. Additional common facts are found in plaintiffs' allegations that Skechers promoted its toning shoes as conferring multiple health benefits in addition to those conferred by ordinary athletic shoes, while knowing that toning shoes do not confer such benefits, and that Skechers failed to warn of serious additional risks associated with use of its toning shoes. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to pretrial *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

---

[1] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

[2] Skechers Fitness Group, Skechers, USA, Inc., Skechers, USA, Inc. II (collectively Skechers).

-2-

Skechers opposes centralization primarily on the grounds that the respective plaintiffs' injuries vary and its liability in each action will hinge on highly individualized facts, such as those surrounding the causation of each plaintiff's injuries and each plaintiff's reliance on (and the materiality of) representations made about the toning shoe product. Defendants have made compelling arguments, but we disagree with defendants that, in these circumstances, the presence of unique and potentially dispositive fact issues in each case eliminates the benefits of Section 1407 centralization. Plaintiffs' common theories of product defect run throughout each action, and in our opinion centralization is merited to reduce duplicative discovery and motion practice regarding this common thread. *See also In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F.Supp.2d 1376, 1377-78 (J.P.M.L. 2010) (Defendant opposed centralization because, *inter alia*, the actions involved multiple individualized fact issues surrounding issues such as causation. The Panel ordered centralization, noting: "We understand these arguments, but our experience causes us to respectfully disagree as to their significance. Though the actions certainly present some individual issues, this is usually true of device cases and other products liability cases.").

We also note that this litigation appears to present more complex factual questions regarding the alleged design defects of Sketchers toning shoes than those found in other recent products liability dockets in which we denied centralization.[3] As this litigation involves the toning shoe product of a single defendant, it is distinguishable from recent instances in which the Panel denied centralization in products liability dockets involving multiple defendants and products .[4]

---

[3] *See, e.g., In re: Blair Corp. Chenille Robe Prods. Liab. Litig.*, 703 F.Supp.2d 1379, 1380 (J.P.M.L. 2010) (denying centralization of four actions regarding the propensity of chenille robes to catch fire, describing the actions as "relatively straightforward personal injury or wrongful death actions and that the litigation will focus to a large extent on individual issues of fact concerning the circumstances of each consumer's injuries"); *In re: Abbott Laboratories, Inc., Similac Prods. Liab. Litig.*, 763 F.Supp.2d 1376 (J.P.M.L. 2011) (denying centralization of five actions concerning "recall of certain Similac products because of the presence of beetles and/or beetle larvae, which according to the FDA posed no immediate health risk, other than the possibility of the consuming child's gastrointestinal discomfort and refusal to eat" and describing "relatively factually limited circumstances" of a problem at one manufacturing line at one manufacturing facility).

[4] *See, e.g., In re: Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F.Supp.2d 1375, (J.P.M.L. 2010) (denying centralization of 102 actions that involved different medical devices, which were used with different anesthetics and manufactured by different companies (several of which were defendants in only a handful of cases)); *In re: Victoria's Secret Undergarments/Intimate Apparel Prods. Liab. Litig.*, 626 F.Supp.2d 1349, 1350 (J.P.M.L. 2009) (denying centralization of four actions, noting that "[w]hile each action alleges that Victoria's Secret undergarments are defective, it appears that this common allegation may be overshadowed by factual issues unique to each action. Victoria's Secret sells a vast array of brands, styles, and colors of undergarments, and they are manufactured by various factories with components from various suppliers.").

-3-

While any number of the proposed transferee districts would be acceptable, we choose the Western District of Kentucky. The action pending in this readily accessible district was filed several months before most other actions. Additionally, the Western District of Kentucky enjoys general docket conditions conducive to the efficient resolution of this litigation. Finally, by selecting Judge Thomas B. Russell to preside over this matter, we are selecting a jurist experienced in multidistrict litigation to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Kentucky are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Thomas B. Russell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: SKECHERS TONING SHOE**
**PRODUCTS LIABILITY LITIGATION**                                                       MDL No. 2308

## SCHEDULE A

<u>Eastern District of Arkansas</u>

Lisa Fuller, et al. v. Skechers, U.S.A., Inc., et al., C.A. No. 1:11-00084

<u>District of District of Columbia</u>

Theresa Croak, et al. v. Skechers, U.S.A., Inc., et al., C.A. No. 1:11-01458

<u>Northern District of Georgia</u>

Susan Reno-Gilliland, et al. v. Skechers, U.S.A., Inc., et al., C.A. No. 4:11-00241

<u>Eastern District of Kentucky</u>

Melissa Kearnely, et al. v. Skechers, U.S.A., Inc., et al., C.A. No. 6:11-00139

<u>Western District of Kentucky</u>

Allison Drury v. Skechers, U.S.A., Inc., et al., C.A. No. 3:11-00201

<u>District of Maryland</u>

Denise Hagvall v. Skechers, U.S.A., Inc., et al., C.A. No. 1:11-02805
Karen McClain v. Skechers, U.S.A., Inc., et al., C.A. No. 1:11-02807

<u>Northern District of Ohio</u>

Lynn P. Orsine, et al. v. Skechers U.S.A., Inc., et al., C.A. No. 1:11-01654
Linda Nell v. Skechers, U.S.A. Inc., et al., C.A. No. 4:11-02050
Jessica Wilson v. Skechers, U.S.A., Inc., et al., C.A. No. 5:11-02008

<u>Southern District of Ohio</u>

Holly Ward, et al. v. Skechers, U.S.A., Inc., et al., C.A. No. 1:11-00080

<u>Western District of Tennessee</u>

Mai Moore v. Skechers, U.S.A., Inc., et al., C.A. No. 2:11-02849